## *In re* MONTGOMERY

Docket No. 120717. Submitted May 9, 1990, at Grand Rapids. Decided August 23, 1990.

Luther V. Myles had been incarcerated for a period of time before his wife, Brendy Myles, gave birth to a daughter, Sabrina Marie Montgomery, rendering it impossible for him to be the biological father of the child. The Department of Social Services filed a petition with the Tuscola County Probate Court to terminate the parental rights of Luther Myles involving the child on the ground that he was unable to provide a home for Sabrina due to his incarceration and of Brendy Myles and Michael Quinn, the putative biological father, on grounds of abandonment. Luther Myles did not contest the allegations at the adjudicative hearing. Mr. Myles was not allowed to attend the dispositional hearing due to an oversight on the part of the prosecutor's office. The court, W. Wallace Kent, Jr., J., heard the prosecution's opening comments at the dispositional hearing as a motion to strike a party on the basis of lack of standing. The court granted the motion, striking Luther Myles as a party having no standing because he was not the biological father of the child. Michael Quinn was then found to be the father of the child and the court terminated the parental rights of Brendy Myles and Michael Quinn. Luther Myles appealed.

The Court of Appeals *held:*

1. The probate court properly granted petitioner's motion to strike Mr. Myles as a party for lack of standing. Myles is not the minor child's father within the meaning of the court rules, and only the parents, i.e., mother and father, of a child who is the subject of a proceeding to terminate parental rights are entitled to notice of the proceedings.

2. Luther Myles was not denied his right to due process of law by not being present at the motion hearing to determine his standing in the action. Myles was represented by counsel at the hearing of the motion and, therefore, was sufficiently present for purposes of that proceeding. Furthermore, the court's determination was made on the basis of evidence presented at the earlier adjudicative hearing, at which Myles was present, testified, and was afforded an opportunity to address

the court. Mr. Myles was not prejudiced by not being present at the hearing on the motion to strike him as a party.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — CHILDREN BORN OUT OF WEDLOCK — HUSBAND AND WIFE — STANDING.

A man whose wife gives birth to a child of another man has no standing to be a party in a proceeding to terminate the parental rights of the child's mother and biological father (MCL 712A.19b[2]; MSA 27.3178[598.19b][2]; MCR 5.903[A][1], 5.903[A][4][a], 5.903[A][12], 5.921[B][3]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DUE PROCESS.

The fact that a man was not present at a motion hearing to determine his standing in an action to terminate the parental rights of his wife and the biological father of the wife's minor child did not result in a denial of his right to due process of law where he was represented by counsel at that hearing and suffered no prejudice by not being personally present (MCR 2.117[B], 5.915[C]).

*James R. Reed,* Prosecuting Attorney, and *Karla J. Smith,* Assistant Prosecuting Attorney, for Tuscola County Department of Social Services.

*John Bishop,* for respondent.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

PER CURIAM. Respondent Luther V. Myles appeals as of right from an order entered by the Tuscola County Probate Court dismissing respondent as a party. The court found that respondent lacked standing to participate in proceedings to terminate parental rights involving Sabrina Marie Montgomery because he was not the minor child's biological father. We affirm.

We agree with the probate court's ruling that defendant lacks standing to object to the termination of parental rights involving the minor child. MCR 5.921(B)(3) provides that the "parents" of a

child who is the subject of a proceeding to terminate parental rights are entitled to notice of the proceeding. See also MCL 712A.19b(2); MSA 27.3178(598.19b)(2). A "father" is a "parent." MCR 5.903(A)(12). A "father" is defined as "a man married to the mother at any time from a minor's conception to the minor's birth unless the minor is determined to be a child born out of wedlock." MCR 5.903(A)(4)(a). The definition of a "child born out of wedlock" includes a "child determined by judicial notice or otherwise to have been conceived or born during a marriage but who is not the issue of that marriage." MCR 5.903(A)(1).

At the adjudication hearing, respondent himself testified that he was not the biological father of Sabrina Marie Montgomery. Respondent stated that he had not had sexual relations with Sabrina's mother for fifteen months before the child's birth because he was incarcerated during that time. Furthermore, the child's mother had acknowledged to a social worker that respondent was not the biological father. The probate court expressly found that respondent Michael Quinn was Sabrina's biological father. Application of the definitions set forth above requires a determination that respondent is not the minor child's father within the meaning of the court rules. Therefore, the probate court properly granted petitioner's motion to strike respondent as a party for lack of standing.

We also reject respondent's claim that he was denied his right to due process of law because he was not present at the motion hearing to determine his standing in the action. See *Fritts v Krugh,* 354 Mich 97, 122; 92 NW2d 604 (1958). A parent is clearly entitled to be present at the dispositional hearing of a proceeding to terminate parental rights. *In re Render,* 145 Mich App 344;

377 NW2d 421 (1985). However, respondent was not a parent and, at least so far as it concerned respondent, the particular proceeding involved was not the dispositional hearing. In both civil and criminal actions, a party is entitled to be present in the court room at all stages during the actual trial of the matter or at proceedings of a trial-like nature. *Render, supra,* p 347; *People v Swan,* 59 Mich App 409, 414; 229 NW2d 476 (1975). However, the hearing to determine respondent's standing in the present action was not a proceeding in the nature of a trial. Respondent was represented by counsel at the hearing of the motion and was, therefore, sufficiently present for the purposes of that proceeding. See MCR 2.117(B); MCR 5.915(C). Furthermore, no prejudice to respondent resulted from his absence because the probate court's determination was based on evidence presented at the earlier adjudicative hearing. Respondent was present at that hearing, testified, and was afforded an opportunity to address the court.

Affirmed.