*In re* BAD
*In re* DRD

Docket No. 255175, 255176. Submitted September 8, 2004, at Grand
Rapids. Decided October 7, 2004, at 9:05 a.m.

The Family Independence Agency petitioned the Cass Circuit
Court, Family Division, for the termination of Karen J. Davis's
parental rights to two children, alleging failure to provide proper
care and custody, MCL 712A.19b(3)(g); reasonable likelihood of
harm if the children were returned to the home, MCL
712A.19b(3)(j); and desertion, MCL 712A.19b(3)(a)(ii). The re-
spondent had legal representation, but was unable to participate
in the termination proceedings because she was incarcerated in
an Arizona jail or prison when proceedings were held. The court,
Susan L. Dobrich, J., found that statutory grounds for termina-
tion were established and that termination was in the best
interests of the children. The respondent moved for a rehearing,
arguing that she should have been allowed to participate in the
termination proceedings by telephone. The court denied the
motion. The respondent appealed, claiming that the trial court
did not comply with MCR 2.004, which requires the opportunity
for telephonic participation in a parental rights termination
proceeding by a person under the jurisdiction of the Department
of Corrections.

The Court of Appeals *held*:

MCR 2.004 provides that in an action for the termination of
parental rights where one party is incarcerated under the juris-
diction of "the Department of Corrections," the party must be
given the opportunity to participate in any such proceeding by
telephone. The term "the Department of Corrections," as used in
the rule, means the Michigan Department of Corrections. Accord-
ingly, MCR 2.004 does not apply to the respondent, who was under
the jurisdiction of the Arizona Department of Corrections, because
the reference to "the Department of Corrections" means the
Michigan Department of Corrections, not the department of
corrections of any other state.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — INCARCERATED PARENT — TELEPHONE PARTICIPATION.

The Michigan Court Rule that requires providing a party incarcerated under the jurisdiction of the Department of Corrections the opportunity to participate in a hearing to terminate the party's parental rights applies only to a party incarcerated under the jurisdiction of the Michigan Department of Corrections (MCR 2.004).

*Victor Fitz,* Prosecuting Attorney, and *Leigh A. Rogner,* Assistant Prosecuting Attorney, for the Family Independence Agency.

*Rachel G. Corwin* for Karen Joy Davis.

Before: GRIFFIN, P.J., and WILDER and ZAHRA, JJ.

GRIFFIN, P.J. In these consolidated appeals, respondent Karen Joy Davis appeals as of right from the circuit court orders terminating her parental rights to the two minor children pursuant to MCL 712A.19b(3)(a)(ii) (desertion), (c)(i) (conditions of adjudication continue to exist), and (g) (failure to provide proper care and custody).[1] We affirm.

I

The instant case came to the attention of petitioner Family Independence Agency in August 2002, when the agency received a referral alleging the abandonment of the minor children. The initial petition alleged that respondent was using cocaine, moving frequently, and was unemployed and unable to support the children. The petition also alleged that the minor children were born addicted to crack cocaine, were suspected of hav-

---

[1] The court also terminated the parental rights of the putative fathers of the minor children, but they have not appealed those decisions and are not parties to these appeals.

ing fetal alcohol syndrome, were diagnosed with Attention Deficit Hyperactivity Disorder, and required medication. According to the petition, respondent purportedly represented that she would pick up the minor children, who had been living with another family for approximately one year, in June 2002, but she failed to do so.

Following a bench trial in January 2003, the trial court concluded that the children came within the jurisdiction of the court, and, after an initial dispositional hearing, the court ordered respondent to comply with an updated service plan. A report admitted at the hearing indicated that respondent was living in Arizona. At two subsequent review hearings, petitioner alleged that, although respondent had participated in the required psychological examination, no other services were offered to her because of her out-of-state location and lack of cooperation. A petition to terminate respondent's parental rights was therefore filed on September 29, 2003, alleging three grounds for termination, including failure to provide proper care and custody, MCL 712A.19b(3)(g); reasonable likelihood of harm to the children if they were returned home, MCL 712A.19b(3)(j); and desertion, MCL 712A.19b(3)(a)(ii). The termination petition alleged, among other things, that (1) respondent's probation officer reported that she did not comply with random drug screens and did not report for residential substance abuse treatment, (2) she had made no progress in reducing the barriers to reunification and had no contact with the children since approximately January 2003, and (3) she had no contact with the social worker since January 2003 and did not respond to the social worker's attempts at communication.

At the termination hearing on November 21, 2003, respondent was not present but was represented by

counsel. A summons and order to appear had been personally served on respondent at an Arizona jail, where she had been incarcerated since October 15, 2003.

The termination proceeding was adjourned for further testimony until January 14, 2004. The record indicates that notice of the January trial date was mailed to respondent by ordinary mail on December 8, 2003, but was returned undelivered, and then was resent to respondent at Perryville State Prison in Arizona on January 12, 2004, just two days before the date for the adjourned trial. A handwritten letter directed to the trial court from respondent, dated January 13, 2004, indicated that she had received a letter on that date, and "had no knowledge of another court date for tomorrow. It wasn't that I didn't want to come to court, it is out of my hands." The record indicates that the trial court received this letter on January 26, 2004.

The continued termination hearing proceeded on January 14, 2004. Respondent was not physically present at the January 14, 2004, hearing; however, she was represented by counsel. No additional evidence was presented and, following closing arguments, the court found that the statutory grounds for termination set forth in the petition had been established by clear and convincing evidence, and that termination of respondent's parental rights was in the best interests of the children.

After the termination of her parental rights, respondent sent another letter, dated January 29, 2004, to the trial court, indicating that she had "received the letters concerning my parental rights being terminated." Respondent stated, "I am very concerned about the fact that the preeedings [sic] were able to continue in my

absence." Respondent's letter included a handwritten motion for rehearing stating that she "was not given proper notification."[2]

Appellate counsel was appointed to represent respondent, and a motion for rehearing was filed with the trial court. The motion alleged, in pertinent part, that respondent had not been served with proper notice of the November 21, 2003, and January 14, 2004, termination proceedings and that she could have been made available to participate in these hearings by speakerphone. The motion alleged palpable error in that respondent was unable to inform the court of her position in the case. However, following a hearing at which respondent was present by speakerphone, the trial court denied respondent's motion to reopen the termination trial for lack of process. The court concluded that, in light of testimony indicating that respondent had been served with, and signed a proof of service for, a summons and order to appear on a specified date, as well as the termination petition, service on respondent was adequate under the circumstances. Respondent now appeals.

---

[2] The record supports the trial court's finding that respondent received proper notice by personal service of the November 21, 2003, termination hearing. The proof of service dated November 2, 2003, signed by respondent and stamped by a notary, indicates that the summons was personally delivered to respondent on that date. Respondent, however, was not personally served with notice of the adjourned termination hearing on January 14, 2004, and the record shows that notice was mailed to her correct address by regular mail only two days before the hearing. According to respondent's letter to the trial court, she learned on January 13, 2004, of the hearing scheduled for January 14, 2004. Although personal service of notice of the adjourned termination hearing on respondent was not required, see *In re Anderson*, 155 Mich App 615, 618-619; 400 NW2d 330 (1986), and service on her attorney was sufficient, MCR 3.920(F), there remains some question whether respondent had actual notice of the adjourned termination trial until the day before that proceeding.

II

Respondent's sole issue on appeal[3] is whether the order terminating her parental rights must be reversed because petitioner and the trial court failed to comply with MCR 2.004, which requires that persons "under the jurisdiction of the Department of Corrections" be given the opportunity for telephonic participation in the termination trial. Respondent argues that, pursuant to the court rule, the court was not permitted to grant the relief requested by petitioner where respondent, an incarcerated parent, was not offered the opportunity to participate by telephone in the termination proceedings. We disagree and hold that MCR 2.004 does not apply to respondent for the reason that she was under the jurisdiction of the Arizona Department of Corrections, not the Michigan Department of Corrections.

As a preliminary matter, petitioner argues that the issue raised on appeal has not been properly preserved for appellate review because counsel for respondent did not object to the issue of compliance with MCR 2.004 at the time of the termination hearing or rehearing. However, a review of the record indicates that, although respondent did not specifically cite MCR 2.004 during the trial court proceedings, respondent's appellate counsel did argue in the motion for rehearing that respondent could have been made available to participate telephonically in both termination hearings if she had been notified of the hearing dates. Before the filing of the rehearing motion by counsel, respondent herself advised the court of her concern that she had not been present at the termination hearings. Under these circumstances, we conclude that the issue is preserved for

---

[3] Although respondent has not raised a due process constitutional challenge, we note that the present case is substantially similar to *In re Vasquez*, 199 Mich App 44, 48-50; 501 NW2d 231 (1993).

appeal. In any event, the issue may be considered by this Court on appeal because it is one of law and the facts necessary for its resolution have been presented. *Steward v Panek*, 251 Mich App 546, 551 n 6; 652 NW2d 232 (2002). Interpretation of a court rule, like statutory construction, is a question of law that this Court reviews de novo. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002); *Szymanski v Brown*, 221 Mich App 423, 433; 562 NW2d 212 (1997).

MCR 2.004, formerly MCR 3.220, provides in pertinent part:

(A) *This rule applies* to

(1) domestic relations actions involving minor children, and

(2) other actions involving the custody, guardianship, neglect, or foster-care placement of minor children, or the termination of parental rights,

*in which a party is incarcerated under the jurisdiction of the Department of Corrections.*

(B) The party seeking an order regarding a minor child shall

(1) contact *the department* to confirm the incarceration and the incarcerated party's prison number and location;

(2) serve the incarcerated person with the petition or motion seeking an order regarding the minor child, and file proof with the court that the papers were served; and

(3) file with the court the petition or motion seeking an order regarding the minor child, stating that a party is incarcerated and providing the party's prison number and location; the caption of the petition or motion shall state that a telephonic hearing is required by this rule.

(C) When all the requirements of subrule (B) have been accomplished to the court's satisfaction, the court shall issue an order requesting *the department*, or the facility

where the party is located if it is not a department facility, to allow that party to participate with the court or its designee by way of a noncollect and unmonitored telephone call in a hearing or conference, including a friend of the court adjudicative hearing or meeting. The order shall include the date and time for the hearing, and the prisoner's name and prison identification number, and shall be served by the court upon the parties and the warden or supervisor of the facility where the incarcerated party resides.

\* \* \*

(E) The purpose of the telephone call described in this rule is to determine

(1) whether the incarcerated party has received adequate notice of the proceedings and has had an opportunity to respond and to participate,

(2) whether counsel is necessary in matters allowing for the appointment of counsel to assure that the incarcerated party's access to the court is protected,

(3) whether the incarcerated party is capable of self-representation, if that is the party's choice,

(4) how the incarcerated party can communicate with the court or the friend of the court during the pendency of the action, and whether the party needs special assistance for such communication, including participation in additional telephone calls, and

(5) the scheduling and nature of future proceedings, to the extent practicable, and the manner in which the incarcerated party may participate.

(F) A court may not grant the relief requested by the moving party concerning the minor child if the incarcerated party has not been offered the opportunity to participate in the proceedings, as described in this rule. This provision shall not apply if the incarcerated party actually does participate in a telephone call, or if the court determines that immediate action is necessary on a temporary basis to protect the minor child. [Emphasis added.]

This Court applies ordinary rules of statutory construction when interpreting court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). When the language of a statute or court rule is clear, the court must enforce the meaning expressed without further interpretation or construction. *Id.* Under the clear language of MCR 2.004, the rule is applicable only to incarcerated parties under the jurisdiction of "the Department of Corrections." It is undisputed that, at all pertinent times, respondent was under the jurisdiction of the Arizona Department of Corrections, not the Michigan Department of Corrections.

Respondent assumes that the term "the Department of Corrections" includes departments of corrections in other states and jurisdictions. We do not and hold to the contrary.

As indicated by its capitalization, "the Department of Corrections" is a proper noun designating "a particular person, place, or thing." *Random House Webster's College Dictionary* (1997). In this regard, throughout our Michigan Court Rules of 1985, all proper noun references to "the Supreme Court," MCR 7.301, and "the Court of Appeals," MCR 7.201, pertain to the *Michigan* Supreme Court and the *Michigan* Court of Appeals. The same is true with our other Michigan courts. Because the Corrections Code of 1953 (commonly referred to as the department of corrections act), in creating our state department of corrections, refers to it as "the department" (MCL 791.201),[4] it is logical for our court rules to use consistent terminology.

---

[4] MCL 791.201 provides in part: "Sec. 1. There is hereby created a state department of corrections, hereinafter called the department, which shall possess the powers and perform the duties granted and conferred."

Moreover, litigation involving the Michigan Department of Corrections led to the promulgation of MCR 2.004.[5] Thus, it is reasonable to conclude that "the" Department of Corrections referenced in MCR 2.004 is the Michigan Department of Corrections. See also Michigan Supreme Court Administrative Memorandum 2004-05, Procedure for Implementation of MCR 2.004 —Incarcerated Partner ("Courts must use the following procedure for all domestic relations actions involving minor children where the non-moving party is incarcerated under the jurisdiction of the Department of Corrections (DOC).")

Finally, the procedures provided by the court rule for issuing an order to the department mandating compliance could only be effective if our Michigan courts have jurisdiction over "the" department of corrections. The process for compliance by departments of corrections of other states is not provided for by the court rule. For these reasons, we hold that "the Department of Correc-

---

[5] The staff comments to the court rule state:

Staff Comment to 2003 Adoption

The November 1, 2002, enactment of MCR 3.220, effective January 1, 2003, is based on a proposal made in conjunction with the settlement agreement in the Court of Claims of that portion of *Cain v Dep't of Corrections*, 88-61119-AZ, 93-15000-CM, and 96-16341-CM, that pertains to women prisoners.

Staff Comment to 2002 Renumber and Amendment

MCR 2.004, effective January 1, 2003, is based on a proposal made in conjunction with the settlement agreement in the Court of Claims of that portion of *Cain v Dep't of Corrections*, 88-61119-AZ, 93-15000-CM, and 96-16341-CM, that pertains to women prisoners. The rule initially was adopted in November 2002 as MCR 3.220, but was amended and renumbered as Rule 2.004 in December 2002 to clarify the scope of the rule and to eliminate other potential confusion.

tions," as referenced in MCR 2.004, is the Michigan Department of Corrections.

Affirmed.