*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANY DENISE JONES,

        Plaintiff-Appellee,

v

PHILLIP LAMAR PEAKE,

        Defendant-Appellant.

UNPUBLISHED
January 20, 2022

No. 356436
Oakland Circuit Court
LC No. 2013-811123-DP

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

In this case arising under Michigan's Paternity Act, MCL 722.711 *et seq.*, defendant, Phillip Lamar Peake, appeals as of right the trial court's order denying his motion for final order and mediation of child support, and imposing sanctions under MCL 600.2591 and MCR 1.109(E). We affirm.

## I. BACKGROUND FACTS

This is the seventh appeal[1] to this Court and arises from a litigious and contentious paternity and child support action involving plaintiff, Tiffany Denise Jones, and Peake. On August 5, 2013, Jones filed a complaint for paternity in which Jones alleged Peake was the father of Jones's child, KP. Jones's paternity complaint requested "that a Judgment of Filiation be entered establishing paternity of the child[] under the Paternity Act, and that the Court grant such further statutory and/or equitable relief allowed by law." The trial court obliged, entering a default order of filiation establishing Peake as KP's legal father and an order of child support requiring Peake to make monthly child support payments on KP's behalf.

---

[1] *Jones v Peake*, unpublished per curiam opinion of the Court of Appeals, issued March 10, 2016 (Docket No. 328566), pp 1-5 (*Jones I*).

-1-

In the intervening years, Peake's child support arrearages accumulated while he pursued numerous legal challenges to his child support obligation. As a result of these frequent, and mostly unsuccessful actions, the trial court ordered Peake to post a $750 bond preceding any filing to the trial court. Peake would forfeit the bond for any frivolous filing. On December 29, 2020, Peake moved the trial court to enter a "final order" and to order mediation of the "child support issue." The trial court rejected Peake's motion and found it frivolous under MCL 600.2591 and MCR 1.109(E). The trial court ordered the bond forfeited. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 730; 909 NW2d 890 (2017). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

We review issues concerning the interpretation of statutes and court rules de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "This Court applies ordinary rules of statutory construction when interpreting court rules. When the language of a statute or court rule is clear, the court must enforce the meaning expressed without further interpretation or construction." *In re BAD*, 264 Mich App 66, 74; 690 NW2d 287 (2004).

## III. MOTION PRACTICE

Peake argues the trial court erred in imposing sanctions because a motion does not fall under the language of MCL 600.2591, indicating the types of filings subject to sanctions. However, the trial court's sanction order was also premised upon MCR 1.109(E), which the parties agree applies to these circumstances. Thus, in order to resolve this appeal there is no need to address defendant's challenge to the applicability of the statute to a motion.

## IV. SANCTIONS

Peake argues the motion asking the trial court for a final order and mediation of child support was not frivolous and was instead supported by sound legal theories.

## A. LAW AND ANALYSIS

Relevant to this appeal are MCR 1.109(E)(5) and (6), which state:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted

by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

"The reasonableness of the inquiry is determined by an objective standard and depends on the particular facts and circumstances of the case." *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). If a party files a document that is not "well grounded" in fact or law, that party is subject to sanctions. See *Kelsey v Lint*, 322 Mich App 364, 380; 912 NW2d 862 (2017).

Reasoning sanctions were warranted, the trial court found:

A Default Judgment of Filiation Final Judgment and Uniform Support Order Final were entered on or about September 4, 2014. While the Court set aside those orders in an Opinion and Order entered on or about July 9, 2015, the Court of Appeals reversed the July 9, 2015 order on March 10, 2016, thus reinstating the final orders. Further, [Peake] has cited no legal authority to support his request for an order of mediation.

Because final orders have already been issued and [Peake] has cited no authority to support his request for mediation, the Court finds [Peake's] motion to be frivolous under MCL 600.2591 and MCR 1.109(E)(5) and order [Peake's] $750 bond to be forfeited and released to the Oakland County general fund.

In resolving this issue, we first look to the accuracy of the trial court's conclusion that "final orders have already been issued." Second, we engage in a similar consideration regarding the trial court's statement that Peake "cited no authority to support his request for mediation." Because we determine the trial court did not clearly err in reaching each of these conclusions, the third consideration is whether the trial court correctly imposed sanctions on the cited bases. Ultimately, we conclude the trial court did not clearly err in imposing sanctions.

## 1. FINAL ORDER

Peake's December 29, 2020 motion asked the trial court to enter a "final order" as to the "sole remaining issue" of child support. Agreeing with the prosecutor, the trial court found "final orders have already been issued . . . ." Thus, the initial question is whether the September 5, 2014 "Default Judgment of Filiation Final Judgment" and "Uniform Child Support Order Final" operated as final orders.

A "final order" is defined, in part, as: "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(6)(a). Jones's 2013 paternity complaint was filed to "establish paternity of the child[] under the Paternity Act, [MCL 722.711 *et seq.*], and that the Court grant such further statutory and/or equitable relief allowed by law." The trial court's September 5, 2014 order of filiation stated: "TIFFANY DENISE JONES is the mother of, and PHILLIP LAMAR PEAKE is the father of and owes a duty of support to: [KP] born on 10-01-2006." The order of filiation included an order of support outlining Peake's child support obligation to KP. Because the order of filiation and the order of support "establish[ed] paternity" and granted "statutory and/or equitable relief allowed by law," each is a final order under MCR 7.202(6)(a). Thus, the trial court correctly held that final orders had been entered years prior to the December 29, 2020 motion.

## 2. MEDIATION

Peake also argues the trial court erred in imposing sanctions because he cited MCR 3.216(C)(1) and MCR 3.224(C)(1) & (2), both of which authorize the lower court to permit or even order post-judgment mediation, and the trial court denied Peake's request for mediation because "[Peake] has cited no authority to support his request for mediation." Although Peake did cite those court rules, the trial court's statement that Peake "cited no authority to support his request for mediation," seems to have been premised in part on Peake's failure to explain *why* mediation of child support was warranted. "Unless made during a hearing or trial, a motion must . . . state with particularity the grounds and authority on which it is based." MCR 2.119(A)(1)(b). Moreover, the amount of child support ordered is calculated by the child support formula as set forth in the Michigan Child Support Formula Manual. *Peterson v Peterson*, 272 Mich App 511, 516; 727 NW2d 393 (2006). Indeed, the amount of child support, as a product of the child support formula for the benefit of the child, is not generally negotiable by the parties. *Id*. Peake's argument in support of his request for mediation presented no challenge that the formula was miscalculated and did not explain how mediation would resolve any alleged errors to the amount of child support imposed. The trial court did not clearly err in finding that Peake's request for child support mediation was frivolous.

## 3. IMPOSITION OF SANCTIONS

The final question before us is whether the trial court correctly determined sanctions were appropriate. Again, Peake's December 29, 2020 arguments were meritless because final orders had previously been entered and because Peake failed to adequately support his request for mediation. However, proffering a meritless argument does not necessarily mean a party is subject to sanctions. See *Edge v Edge*, 299 Mich App 121, 126; 829 NW2d 276 (2012). "[A] claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact . . . ." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citation omitted).

Addressing whether sanctions were warranted because the trial court already entered final orders, Peake argues an order of filiation cannot be deemed a "final order" because it does not resolve issues of custody and parenting time. According to Peake, issues of custody and parenting time are "inherent" in paternity cases and, therefore, a trial court cannot enter a "final order" in

paternity cases until the trial court resolves issues of custody and parenting time. This is incorrect for two reasons.

The first problem with Peake's argument is that it misconstrues the nature of a final order. As noted, a trial court enters a "final order" when it "disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a). Jones's paternity complaint asked the trial court to decide paternity and order child support. Thus, for purposes of plaintiff's complaint, it was not necessary for the trial court order custody and parenting time because Jones's paternity complaint did not ask for it. The trial court's order of filiation was a "final order" because it "dispose[d] of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a), when it determined paternity and ordered child support.

Second, Peake incorrectly asserts that custody and parenting time are necessarily at issue in all paternity cases. In the first appeal to this Court, we determined this case fell solely under the Paternity Act because "legal custody, physical custody, and parenting time were never issues in the proceeding." *Jones v Peake*, unpublished per curiam opinion of the Court of Appeals, issued March 10, 2016 (Docket No. 328566), p 4 (*Jones I*).[2] Thus, whether custody and parenting time are "inherent" within paternity cases is immaterial, as this Court expressly concluded that they were not in this case. See *Cipriano v Cipriano*, 289 Mich App 361, 375; 808 NW2d 230 (2010) ("[A]n appellate court's ruling on a particular issue binds the appellate court and all lower tribunals with respect to that issue."). Thus, the trial court's conclusion that Peake's arguments that a final order had not been entered was sanctionable and was not clearly erroneous.

The trial court also did not err in imposing sanctions on the basis of Peake's motion for mediation of child support because the request for mediation was not well-grounded in fact or law. Michigan law sets forth specific processes for modifying or recalculating child support. See MCL 552.517; MCL 552.517b; MCL 552.605. Yet, Peake did not attempt to avail himself of these statutory processes to modify child support. This Court will only reverse a trial court's imposition of sanctions where this Court is "left with a definite and firm conviction that a mistake has been made." *Kitchen*, 465 Mich at 661-662. We are not left with a definite and firm conviction the trial court erred in concluding Peake's position was frivolous when Peake sought mediation of the "child support issue," but did not specify the exact nature of the child support issue. See *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002) ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute."). Therefore, there is no

---

[2] This Court reasoned that had the case concerned custody and parenting time, then the case would also be governed by the UCCJEA. *Jones I*, unpub op at 4. Further, if the UCCJEA applied, the trial court would not have jurisdiction because the parties and the minor child resided out-of-state. *Id*.

-5-

reason for this Court to disturb the trial court's findings on this basis.

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ /Christopher M. Murray