*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re C. M. GUERRERO, Minor.

UNPUBLISHED
November 17, 2022

No. 360432
Isabella Circuit Court
Family Division
LC No. 2020-000055-NA

In re M. A. ESPINOSA, Minor.

No. 360433
Isabella Circuit Court
Family Division
LC No. 2020-000054-NA

Before: M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the two minor children pursuant to MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j). Because there are no errors warranting reversal, we affirm.

## I. REASONABLENESS OF SERVICES

### A. PRESERVATION AND STANDARD OF REVIEW

Respondent first argues that reversal is required because petitioner did not satisfy its statutory obligation to provide reasonable services toward reunification. Specifically, she argues that petitioner failed to provide her with mental health services to assist her in overcoming her dependency on controlled substances. Respondent acknowledges that she did not preserve this issue below by either objecting to the services offered or requesting additional services. See *In re A Atchley*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 358502); slip op at 2; *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Accordingly, we review this issue for plain error affecting respondent's substantial rights. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). To show plain error warranting reversal, respondent must demonstrate: (1) that an error occurred, (2) that the error was plain, i.e., clear or obvious, and (3) that the error affected her

-1-

substantial rights. *Id*. at 463 (citations omitted). A clear or obvious error is one that is not subject to reasonable dispute, and an error affects a party's substantial rights "when there is a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* (quotation marks and citation omitted).

## B. ANALYSIS

Petitioner has a statutory obligation to make reasonable efforts to reunify a respondent with her children. MCL 712A.18f(4); *In re Terry*, 240 Mich App 14, 26; 610 NW2d 563 (2000). Thus, reversal of an order terminating parental rights may be appropriate if petitioner fails to offer a respondent a reasonable opportunity to participate in services. *In re Mason*, 486 Mich 142, 158-160; 782 NW2d 747 (2010). However, a respondent also has a commensurate responsibility to participate in and benefit from the services offered by petitioner. *In re Frey*, 297 Mich App at 248.

On appeal, respondent asserts that mental health services were not offered to her. The record does not support her assertion. At the November 4, 2020 review hearing, the caseworker testified that respondent enrolled in an inpatient substance abuse treatment program in California. Respondent also told the caseworker that she was attending counseling sessions twice a week, once with her therapist and once with her counselor. At the January 25, 2021 review hearing, the caseworker explained that respondent was receiving services at Behavioral Health through the Saginaw Chippewa Indian Tribe for an "intensive community treatment program." The program was scheduled to last for at least 60 days, but could be extended to 90 days. The caseworker also testified that respondent had been assigned a counselor, was receiving counseling through Behavioral Health, and that respondent had met with a psychiatrist. Similarly, at the termination hearing, another caseworker testified that respondent had "been enrolled in counseling through Behavioral Health through the Saginaw Chippewa Tribe on a couple different occasions." That caseworker also stated that respondent had been referred to a Behavioral Health psychiatrist to obtain medication.

Further, to demonstrate that petitioner failed to provide reasonable services, respondent must establish that she would have fared better if other services had been offered. See *In re Fried*, 266 Mich App 535, 543; 702 NW2d 192 (2005). The testimony at the termination hearing indicates that respondent failed to participate in or benefit from the services that were offered to her. At the April 12, 2021 review hearing, the caseworker testified that respondent's counselor at Behavioral Health reported that respondent had made only minimal progress. Respondent's counselor also reported that respondent had been discharged from counseling services on December 13, 2021, because of multiple no-shows and missed visits, despite that they had kept the case open longer than usual because of respondent's substance abuse history. Additionally, although respondent had been scheduled to see a Behavioral Health psychiatrist to obtain medication, she failed to attend the scheduled appointments and petitioner could not force her to follow through with these services. Next, in November 2021, after respondent had again relapsed, her caseworker offered to assist respondent in getting admitted to another inpatient program, but respondent stated that she was not interested in enrolling in a rehabilitation program. A week before the termination hearing, respondent told her caseworker that she was considering entering another inpatient program through the Saginaw Chippewa Indian Tribe, but respondent had also reported that she was considering entering White Pine, a mental hospital, "to get her medications stabilized." She did not follow through.

-2-

Respondent also failed to participate in other services. An in-home parent educator testified that respondent missed approximately half of the meetings and the service was terminated early on February 2, 2021, because of respondent's noncompliance. A foster care supportive visitation coach testified that she met with respondent in September 2021 for parenting classes, but the classes were discontinued because of respondent's missed visits.

In sum, the record does not support respondent's assertion that petitioner failed to make reasonable efforts to reunite respondent with her children. And, considering respondent's failure to participate in and benefit from the services provided, respondent has not demonstrated that she would have fared better if additional services had been offered. Accordingly, respondent is not entitled to relief with respect to this issue.

## II. FAILURE TO ADJOURN THE TERMINATION HEARING

### A. PRESERVATION AND STANDARD OF REVIEW

Respondent next argues that the trial court erred by failing to adjourn the termination hearing on January 6, 2022, after becoming aware that she had recently used drugs and may be experiencing withdrawal symptoms. This issue is unpreserved because neither respondent nor her lawyer objected to continuing the hearing and neither requested an adjournment. Indeed, upon inquiry by the trial court, respondent and her lawyer both assured the court that respondent was "okay" to continue and wished to proceed with the hearing. Because this issue is unpreserved, our review is limited to plain error affecting respondent's substantial rights. *In re Pederson*, 331 Mich App at 463.

### B. ANALYSIS

Respondent presents this argument as a variation of a due-process claim that the trial court erred by continuing the termination hearing without her "presence." The record does not support this claim. MCR 3.923(G) provides that an adjournment of "trials or hearings in child protective proceedings should be granted only (1) for good cause, (2) after taking into consideration the best interests of the child, and (3) for as short a period of time as necessary." "Good cause" means "a legally sufficient reason and a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." *In re Utrera*, 281 Mich App 1, 10-11; 761 NW2d 253 (2008) (quotation marks and citations omitted). A trial court cannot deny a party's right to attend a hearing, but the court rules applicable to child protective proceedings do not require the court to secure the respondent's physical presence at a hearing. See generally MCR 3.973(D); *In re Vasquez,* 199 Mich App 44, 49; 501 NW2d 231 (1993).

With respect to respondent's due-process concerns, this Court analyzes such a claim applying the three-part test in *Mathews v Eldridge*, 424 US 319, 335; 96 S Ct 893; 47 L Ed 2d 18 (1976). See *In re Vasquez*, 199 Mich App at 50. As explained in *Mathews*, 424 US at 335, the relevant considerations are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally,

the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Here, the trial court's decision to proceed with the hearing was not plain error. Adjournments in child protection proceedings are disfavored and must be supported by good cause. Moreover, respondent was physically present at the termination hearing, and she was represented by a lawyer, who was also present. When concerns arose about respondent's ability to meaningfully participate in the proceeding, the court investigated the situation.

The court ordered respondent to submit to a drug test, and when the results came back positive for multiple controlled substances, the court took additional steps to determine whether the results affected respondent's ability to understand and participate in the proceeding. The probation officer who administered the drug test explained that the test did not reveal the actual levels of any substances in respondent's system, and that some substances can remain in a person's system for up to five days after use. The court then questioned respondent, who stated that she had not used any substances for three or four days before the hearing and denied that she was under the influence of any substances at the time of the hearing. On the suggestion of respondent's lawyer, the trial court then held a lunch recess before again questioning respondent, who again denied that she was currently under the influence of any substances. Respondent also confirmed that she understood what was occurring and she agreed that she felt "okay to proceed." Later, when the trial court noticed that respondent had put her head on the table, it asked her whether she would like a break to get some water. Respondent denied that she was sleeping and said that she was listening to the testimony and wished to continue.

Under the circumstances, considering the trial court's efforts to investigate the situation, and that respondent was represented by a lawyer, repeatedly denied that she was under the influence of any substances, and stated that she could proceed, the trial court did not violate respondent's right to due process by continuing the hearing. Moreover, respondent does not explain how her condition affected the proceedings, or how the proceedings would have been different if the court had continued the hearing to another date. Accordingly, respondent has failed to demonstrate that she is entitled to relief on the basis of this issue.

Affirmed.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ Sima G. Patel

-4-