*In re* CONLEY

Docket No. 175489. Submitted February 21, 1996, at Grand Rapids. Decided March 22, 1996, at 9:05 A.M. Leave to appeal sought.

The Department of Social Services petitioned the Cass County Probate Court, Juvenile Division, for an order terminating the parental rights of Debra and Greg Conley with regard to their two minor children. The court, Herbert E. Phillipson, Jr., J., entered an order terminating the respondents' parental rights. Debra Conley appealed by leave granted.

The Court of Appeals *held:*

1. Clear and convincing evidence supported the termination of parental rights. The evidence established that Debra Conley had not overcome her alcoholism despite extensive treatment and counseling, that no reasonable likelihood existed th at the situation would be rectified within a reasonable time, and that Debra failed to provide proper care or custody for the children.

2. The probate court's findings of fact regarding Debra's inability to care for her children and the children's best interests were sufficient and not clearly erroneous. The court did not abuse its discretion in finding that termination was in the children's best interests.

3. The probate court did not abuse its discretion in denying Debra's late request for the appointment of appellate counsel solely on the basis that her request was untimely.

4. The probate court did not abuse its discretion in denying Debra's request for substitute counsel at the termination hearing.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — APPEAL — APPELLATE COUNSEL.

A probate court may, in the interest of justice, appoint an appellate attorney for the respondent in proceedings regarding the termination of parental rights where the request for the appointment is filed untimely; application of a blanket rule that all untimely requests should be granted where lateness is the only reason to deny the request would impermissibly rob the court of its discretion to make the decision (MCR 5.974[H][2]).

2. TRIAL — MOTIONS AND ORDERS — SUBSTITUTE COUNSEL.
   The appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial proceedings.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Margaret M. Chiara,* Prosecuting Attorney, and *Jeffrey L. Baumann,* Chief Assistant Prosecuting Attorney, for the petitioner.

*Patricia N. Conlon,* for Debra Conley.

Before: MARKEY, P.J., and HOLBROOK, Jr., and M. J. MATUZAK,* JJ.

PER CURIAM. Debra Conley (hereafter respondent) appeals by leave granted from the probate court's order terminating her parental rights to her minor children, Kyle Dean Conley and Travis Theodore Conley, pursuant to MCL 712A.19b(3)(c)(i); MSA 27.3178(598.19b)(3)(c)(i) (more than 182 days have elapsed, conditions leading to the adjudication continue to exist, and no reasonable likelihood exists that they will be rectified within a reasonable time) and MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g) (without regard to intent, parent fails to provide care and custody and there exists no reasonable likelihood of change within reasonable amount of time). We affirm.

First, we review appeals from orders terminating parental rights to determine whether the probate court's findings of fact are clearly erroneous, i.e., although evidence exists to support a finding, are we left with the definite and firm conviction that a mistake has been made. MCR 5.974(I); *In re Miller,* 433

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Mich 331, 337; 445 NW2d 161 (1989); *In re Vasquez*, 199 Mich App 44, 51; 501 NW2d 231 (1993). Once the probate court finds at least one statutory ground for termination to be supported by clear and convincing evidence, the court's decision to terminate is discretionary and the child's best interests are considered. *Id.* at 51-52.

In the case at bar, we find that clear and convincing evidence supported termination of respondent's parental rights under subsections 3(c)(i) and (g), and that termination was in the children's best interests. In light of petitioner's six-year involvement in respondent's battle with alcohol, which was the condition that led to the termination of respondent's parental rights, and the probate court's knowledge of the repeated and extensive steps taken to assist respondent in attempting to overcome this disease and the unsuccessful results achieved, we are not left with a definite and firm conviction that a mistake has been made here. *Id.* The uncontroverted evidence established that, because of respondent's alcohol addiction, Kyle was removed from respondent's custody in 1988 but was later returned when she began treatment for her addiction. After respondent attended at least three inpatient treatment programs, Alcoholics Anonymous meetings, and other counseling sessions, she relapsed. Both children were taken into protective custody in March 1992 because they were left alone with respondent, who was continuously intoxicated and unable to care for them, particularly in light of the fact that Kyle (and possibly his younger brother, Travis) suffered the physical effects of fetal alcohol syndrome. During the pendency of the probate court proceedings, respondent continued to relapse and

abuse alcohol, even though she was attending inpatient treatment programs (but never completed a program) and participating in counseling. Respondent's husband also contributed to the problem by purchasing alcohol for respondent and leaving the children at home with her while she was intoxicated.

We therefore find that clear and convincing evidence existed to show that respondent had not overcome her alcoholism despite extensive treatment and counseling, that no reasonable likelihood existed that the situation would be rectified within a reasonable time, and that respondent failed to provide proper care or custody for the children. MCL 712A.19b(3)(c)(i) and (g); MSA 27.3178(598.19b) (3)(c)(i) and (g).

Further, we reject respondent's unsupported assertion that the probate court failed to make findings of fact or conclusions of law pertaining to the basis for terminating respon dent's parental rights or regarding the children's best interests. In light of the expert and other testimony concerning the adverse effect of respondent's alcoholism upon the children, their improvement during foster care, and their placement with their grandparents, we believe that the court's findings of fact regarding respondent's inability to care for her children and the children's best interests were sufficient and were not clearly erroneous.[1] MCR 5.974(G). Accordingly, the probate court did not abuse its discretion in finding that termination was in

---

[1] In its addendum to its findings of fact attached to the termination order, the probate court described respondent as "a hopeless alcoholic who presently is incarcerated awaiting sentence for OUIL 3rd, [and who] cannot and will not stop drinking or establish a fit and proper home." This description is overwhelmingly supported by the evidence on the record.

the children's best interests. MCL 712A.19b(3); MSA 27.3178(598.19b)(3); *In re Jackson*, 199 Mich App 22, 25; 501 NW2d 182 (1993).

Second, we find that the probate court did not abuse its discretion in denying respondent's late request for appointment of appellate counsel simply because her request was untimely. Cf. *People v Cottrell*, 201 Mich App 256, 259; 506 NW2d 12 (1993). Unlike in criminal proceedings where MCR 6.425(F)(1)(b) requires the court to grant liberally an untimely request for appointed appellate counsel "as long as the defendant may file an application for leave to appeal," the probate court may, pursuant to MCR 5.974(H)(2) and "[i]n the interest of justice, . . . appoint an attorney where the request is filed untimely." We reject respondent's assertion that we should interpret MCR 5.974(H)(2) in the same manner as MCR 6.425(F)(1)(b) despite the clear differentiation between these court rules and the differences in these types of proceedings. See, generally, *In re Brock*, 442 Mich 101, 108-109; 499 NW2d 752 (1993). If we create a blanket rule that all untimely requests should be granted where lateness is the only reason to deny the request, we will impermissibly rob the probate court of its discretion to make that decision under MCR 5.974(H)(2). Thus, we will not apply the rule stated in *Cottrell, supra* at 259, as the standard that also governs untimely requests for appointment of appellate counsel in termination proceedings.

Third, the probate court did not abuse its discretion in denying respondent's request for substitute counsel on the second day of the three-day termination hearing that spanned the course of one month. See *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991).

Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial proceedings. Here, respondent's counsel demonstrated dedication and commitment to her case. Moreover, granting respondent's request would have disrupted the judicial process, extensively delayed a case that had been proceeding for almost two years, and delayed the children's permanent placement in foster care. Also, in light of respondent's failure to explain the basis for her request or to establish good cause, we find no error on the basis of our review of the whole record. *Id.*

Affirmed.