# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. M. KASBEN, Minor.

UNPUBLISHED
December 15, 2016

No. 333063
Leelanau Circuit Court
Family Division
LC No. 14-009407-NA

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the June 5, 2016 order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(g), (h), (j), and (n), arguing that the Leelanau Circuit Court erred in exercising jurisdiction over the child, that the circuit court erred in denying his motion to either represent himself or for the appointment of a new court-appointed counsel, that the circuit court erred in denying his motion to dismiss on res-judicata or collateral-estoppel grounds, that the circuit court erred in concluding that at least one of the statutory grounds set forth in MCL 712A.19b(3) were satisfied, that the circuit court erred in concluding that the termination of his parental rights was in the child's best interests, and that the circuit court should have delayed proceedings in this case until his appeal of his criminal convictions was complete. We affirm.[1]

On appeal, respondent first argues that the Leelanau Circuit Court erred in exercising jurisdiction over the child. Specifically, respondent claims that Leelanau Circuit Court lacked jurisdiction over the child because the child could not be "found within the county" pursuant to MCL 712A.2. We disagree. Procedural issues present questions of law that we review de novo. *In re BZ*, 264 Mich App 286, 291; 690 NW2d 505 (2004). Pursuant to MCL 712A.2, the family division of the circuit court has jurisdiction over a child that is "found within the county[.]" Relatedly, MCR 3.926(A) provides as follows: "As used in MCL 712A.2, a child is 'found within the county' in which the offense against the child occurred, in which the offense committed by the juvenile occurred, or in which the minor is physically present." " 'Offense against a child' means an act or omission by a parent, guardian, nonparent adult, or legal custodian asserted as grounds for bringing the child within the jurisdiction of the court pursuant

---

[1] The child's mother voluntarily terminated her parental rights to the child during these proceedings and is not involved in the present appeal.

-1-

to the Juvenile Code." MCR 3.903(C)(9). Interpreting and applying these authorities according to their plain and ordinary meanings, see *Brausch v Brausch*, 283 Mich App 339, 348; 770 NW2d 77 (2009), a child is "found within the county" for jurisdictional purposes where, in relevant part, the parent's acts or omissions at issue occurred.

Here, the Department of Health and Human Services petitioned for the child's removal based on allegations of "neglect[ing] or refus[ing] to provide proper or necessary support, education, medical, surgical or other care necessary for the health or morals of the child . . . and subject[ing] the child . . . to a substantial risk of harm . . . ." As it relates specifically to respondent, these allegations were largely premised on "his criminal history," his "lack of contact with [the] child," the existence of "a PPO between [respondent] and [the child and one of the child's guardians] based on concerns regarding his potential for violent behavior," "and threatening statements." These allegations, which were affirmatively "asserted as grounds for bringing the child within the jurisdiction of the court," MCR 3.903(C)(9), arose out of acts or omissions that occurred in Leelanau County. Indeed, respondent expressly admitted that, at the time the petition was filed, he resided in Leelanau County, and it was respondent's home where the child would have resided but for the petition in this matter. Accordingly, it is apparent that the child was "found within the county" for purposes of MCL 712A.2.[2]

Next, respondent argues that the circuit court erred in denying his request to either represent himself or for the appointment of new counsel. We disagree. Whether a party's constitutional right to due process has been deprived is reviewed de novo on appeal. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). Due process requires the appointment of counsel for indigent parents during child protective proceedings. *In re CR*, 250 Mich App 185, 197; 646 NW2d 506 (2001), overruled on other grounds in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). However, a parent "is not entitled to have the attorney of his choice appointment simply by requesting that the attorney originally appointed be replaced." *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991).[3] "Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial proceedings." *In re Conley*, 216 Mich App 41, 46; 549 NW2d 353 (1996). Similarly, a parent's right to represent himself or herself is limited in nature, and courts may deny the request if allowing self-representation would be disruptive, inconvenient, or overly burdensome. *People v Anderson*, 398 Mich 361, 368; 247 NW2d 857 (1976).

On appeal, respondent claims that the circuit court erred in denying his request to either represent himself or for the appointment of new counsel, but he fails to identify who he wished to call as a witness or how that testimony might have been favorable to his case. Thus, he has

---

[2] The fact that the child was placed in Isabella County as part of a limited guardianship prior to the petition being filed is not dispositive as respondent contends. See MCR 3.926(B)(3). Furthermore, the allegations against the child's mother were also largely premised on acts or omissions that occurred in Leelanau County.

[3] *In re CR*, 250 Mich App at 197-198 (providing that courts may rely on the principles developed in criminal law regarding the assistance of counsel in child protective proceedings).

failed to adequately establish the factual predicate of his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Furthermore, the record reflects that respondent was, as he desired, extensively involved throughout these proceedings, and, based on his involvement, the circuit court was certainly permitted to reach the conclusion that self-representation or the appointment of new counsel would have resulted in disruption of, inconvenience for, and burden on the proceedings.[4] *In re Conley*, 216 Mich App at 46. More importantly, however, the arguments that respondent identified as those that his attorney would not make on behalf were nevertheless made, either by himself or by his attorney, before and rejected by the circuit court, and they are the same as those that we are addressing and rejecting in this appeal. Thus, regardless of whether he, his attorney, or another attorney made them, they would not have proved successful. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, this argument fails.

Respondent also argues that the circuit court erred in denying his motion to dismiss. Specifically, respondent claims that these child protective proceedings should have been barred by res judicata or collateral estoppel based on 2013 child protective proceedings that ended in the child being returned to the care of the child's mother.[5] We disagree. Whether a legal doctrine, including res judicata or collateral estoppel, applies presents a question of law that we review de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Res judicata bars subsequent proceedings if the following three requirements are satisfied: "(1) the subject matter of the second action [is] the same; (2) the parties or their privies [are] the same; and (3) the prior judgment [was] on the merits." *In re Hamlet (After Remand)*, 225 Mich App 505, 519; 571 NW2d 750 (1997), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353 n 10; 612 NW2d 407 (2000). Similarly, "[c]ollateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006).

In this case, neither res judicata nor collateral estoppel apply. While it is true, as respondent recognizes, that he was incarcerated during the pendency of both cases, neither doctrine applies if "the facts change or new facts develop[.]" *In re Hamlet*, 225 Mich App at 519. In this case, the Department of Health and Human Services identified respondent's continuing criminal history, the recent issuance of a personal protective order against respondent, and respondent's continuing failure to have contact with and care for the child as additional

---

[4] Throughout these proceedings, respondent or respondent's counsel filed a plethora of motions, notices, and other documents on his behalf, as well as participated either in-person or via telephone in each hearing. It was based on this participation that the circuit court ultimately concluded that allowing respondent to represent himself would impermissibly disrupt the proceedings.

[5] It should be noted that respondent was incarcerated at that time as well.

grounds for removal.[6] The supplemental petitions alleged additional grounds as well, including respondent's recent criminal sexual conduct convictions.[7] Thus, because the facts changed and new facts developed, res judicata and collateral estoppel do not apply.[8]

Respondent further argues that the circuit court erred in concluding that one of the statutory grounds set forth in MCL 712A.19b(3) was established by clear and convincing evidence. We disagree. Pursuant to MCL 712A.19b(3), a trial court may terminate a parent's parental rights if it finds that at least one of the statutory grounds has been established by clear and convincing evidence. Petitioner bears the burden of proving at least one statutory ground. MCR 3.977(A)(3); *In re Trejo*, 462 Mich at 350. We review a trial court's finding that a statutory ground has been established for clear error. *In re Rood*, 483 Mich at 91. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation and internal quotation marks omitted). To be clearly erroneous, a factual finding must be more than maybe or probably wrong. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009).

Here, the circuit court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(g), (h), (j), and (n). As indicated above, however, only one statutory ground need be established. *In re Trejo*, 462 Mich at 350. Termination of parental rights is appropriate pursuant to MCL 712A.19b(3)(n) if the parent has been convicted of certain enumerated crimes "and the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child." Respondent has been convicted of three of the enumerated crimes, and each conviction involved respondent sexually assaulting a child.[9] Additionally, several witnesses testified throughout the proceedings in this matter that continuing a parent-child relationship between respondent and the child would be harmful to the child, and it is apparent that the circuit court found this testimony credible, a determination we defer to. *In re BZ*, 264 Mich App at 296-297. Thus, because only one

---

[6] The Department of Health and Human Services also identified additional grounds with respect to the child's mother, including, for example, substance abuse that took place after the 2013 proceedings had concluded.

[7] Respondent's criminal sexual conduct convictions will be discussed below as well.

[8] Furthermore, the issues involved in those prior proceedings, which involved parenting time during a limited guardianship, are simply not the same as those presented here.

[9] Specifically, respondent was convicted of first-degree criminal sexual conduct, MCL 750.520b, second-degree criminal sexual conduct, MCL 750.520c, and fourth-degree criminal sexual conduct, MCL 750.520e. See MCL 712A.19b(3)(n)(*i*) (setting forth the enumerated crimes discussed above).

statutory ground need be established, we need not address the additional statutory grounds that were relied on by the circuit court.[10]

Respondent additionally argues that the termination of his parental rights was not in the child's best interests. We disagree. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5); MCR 3.977(E)(4). A circuit court's determination that the termination of a parent's parental rights is in the child's best interests is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. Trial courts should consider all available evidence in making this determination. *In re Trejo*, 462 Mich at 356. Relevant factors to be considered include the bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of the foster home over the parent's home, and any other relevant factors. *In re Olive/Metts*, 297 Mich App at 41-42.

Here, we agree with the circuit court's best-interests determination. It cannot be overlooked that respondent's history of sexually assaulting children, as well as the consequential incarceration, has remained an issue since the original petition was filed. The Department of Health and Human Services presented testimony from multiple witnesses that established that it would be harmful to place the child with respondent in light of his criminal convictions and incarceration. Similarly, a foster care worker opined that continued contact, in light of the nature of the criminal convictions, presented an unreasonable risk of harm to the child. In short, each of the factors identified above weigh in favor of termination, and the circuit court correctly concluded the same.

Lastly, respondent argues that the circuit court should have delayed the proceedings in this case until his appeal of his criminal convictions was complete. We disagree. At the outset, respondent does not reference, and we are unable to find, any legal authority in support of his position. Rather, he merely references generic legal principles and asserts that his appeal is likely to succeed. Thus, this argument is abandoned. *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015) ("This cursory argument, made without citation to relevant authority or application of the law to the facts, is insufficiently brief, and we consider it abandoned."). Furthermore, it is meritless. This Court denied his delayed application for leave to appeal his criminal convictions "for lack of merit in the grounds presented." *People v Kasben*, unpublished order of the Court of Appeals, entered October 26, 2016 (Docket No. 333917).[11]

---

[10] We would note, however, that, at a minimum, MCL 712A.19b(3)(g) and (j), and likely (h), would also be established based on respondent's criminal history, incarcerations, lack of relationship with the child, and several other factors.

[11] The record reflects that respondent is currently serving prison terms for the second-degree and fourth-degree criminal sexual conduct convictions. According to the August 4, 2015 plea-hearing transcript, respondent admitted to having engaged in sexual penetration with his 13-year-

Affirmed.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien

---

old sister in 1983 or 1984 and to having engaged in sexual contact with a 10- or 11-year-old in 2007. It is those acts, all of which occurred in Leelanau County, that have resulted in his current incarceration.