# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. N. ADAMS, Minor.

UNPUBLISHED
March 7, 2017

No. 333797
Ingham Circuit Court
Family Division
LC No. 15-000840-NA

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court's order terminating her parental rights to her minor child, SNA, under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions that lead to adjudication), MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), MCL 712A.19b(3)(g) (failure to provide proper care or custody), MCL 712A.19b(3)(i) (parental rights to one or more siblings of the child were terminated due to serious and chronic neglect), and MCL 712A.19b(3)(j) (reasonable likelihood that child will be harmed if returned to parent's home). However, the court concluded that it had not been shown that termination was warranted under MCL 712A.19b(3)(m) (parent's rights to another child were voluntarily terminated). We affirm.[1]

## I. STATUTORY GROUNDS FOR TERMINATION

Respondent challenges the trial court's conclusion that the statutory grounds for termination were established by clear and convincing evidence and that termination was in the minor child's best interests.

"We review for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Clear and convincing evidence "produce[s] in the mind of the trier of fact a firm belief

---

[1] The parental rights of the minor child's father were also terminated. He has not appealed.

-1-

or conviction as to the truth of the allegations sought to be established, evidence so clear . . . as to enable [the factfinder] to come to a clear conviction, without hesitancy." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995).

The court based the termination on the following provisions:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that lead to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful.
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent. [MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (i), and (j).]

In general, a respondent's "[f]ailure to substantially comply with a court-ordered case service plan is evidence that return of the child to the parent may cause a substantial risk of harm to the child's life, physical health, or mental well being." *In re Trejo Minors*, 462 Mich at 346 n 3 (quotation marks and citation omitted). Specifically, where one of the goals of the service plan is to rectify a substance-abuse problem, the failure to do so supports termination. See *In re Conley*, 216 Mich App 41, 44; 549 NW2d 353 (1996) (considering §§ 19b(3)(c)(*i*) and (g)).

Respondent characterizes her cooperation with her case-service plan as substantial compliance, but the record shows that her participation was intermittent. Respondent

emphasizes in her testimony that she does not have a substance abuse problem, citing evidence that shows she only failed one of 14 drugs tests conducted. However, the evidence also shows she repeatedly failed to attend her drug tests, only completing 14 out of 42 scheduled tests, including one completed test that came back positive for marijuana. This inconsistent record of compliance does not support her portrayal of her substance abuse issues being a thing of the past, leaving the trial court free to discredit her testimony if it so chose to do so. See *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989) (explaining that a reviewing court must defer to the special ability of the trial court to judge the credibility of witnesses).

Additionally, respondent emphasizes that she had obtained a Section 8 housing voucher[2] and was searching for a home that would accept it. However, respondent does not deny that she has had the voucher for several months, and no one was able to state with any certainty how long it might be before respondent is able to locate an appropriate home. Respondent also claims that she has ended her erratic relationship with the minor child's father, whose parental rights had been terminated, as well. However, she has a prior history of lying to caseworkers about the status of her troubling relationships. Respondent did find employment, but as of the date of the termination hearing, she had only been employed for a little over a month. This is not a sufficient amount of time to prove a pattern of stable employment.

Respondent also failed to attend her individual therapy sessions intended to address her mental health issues. While it is commendable that respondent completed an anger management class that she was *not* required to complete as part of her case plan, she was aware that this particular class was not required, but that individual therapy addressing her mental health issues was in fact required. Respondent intentionally ignored her service plan by neglecting to attend the required therapy sessions regarding her mental health.

Furthermore, while respondent had been consistent in attending parenting time during the pendency of this case, she failed to attend parenting time the week before the termination hearing. Respondent contends that she had to work, but also admitted she did not inform any of her caseworkers that she would not be attending the session.

The record is clear that respondent has made progress that should not be discounted. However, on the whole, respondent has failed to substantially comply with her case-service plan, which supports the termination of her parental rights pursuant to §§ 19b(3)(c)(i) and (ii), (g), and (j). However, we conclude that the court erred in concluding that MCL 712A.19b(3)(i) had been established.

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights," *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), so while the error with respect to § 19b(3)(i) does not undermine the court's ultimate decision, this Court finds it important to articulate the flawed analysis with respect to this factor. Petitioner had her parental rights terminated to another child in 2014. The caseworker in that proceeding, Faith Wilkins, testified that petitioner's rights were terminated due to unstable

---

[2] 42 USC 1437f.

housing, mental health issues that had not been addressed, inappropriate parenting skills, and domestic violence in the relationship she was involved in at the time. Wilkins' testimony, taken with other evidence presented to the court, was insufficient to establish that there had been serious or chronic neglect of the minor child. Therefore, the burden to terminate petitioner's parental rights under §§19b(3)(i) is not met in this case.

## II. BEST INTERESTS OF THE CHILD

MCL 712A.19b(5) provides, "[i]f the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made."

The minor child—not the parent—is the focus of the best-interest stage. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). In determining the best interests of the child, the trial court must consider the record as a whole. *In re JK*, 468 Mich 202, 211; 661 NW2d 216 (2003). The trial "court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 34, 41-42; 823 NW2d 144 (2012) [citations omitted]. It may also consider the length of time the child was in foster care, the likelihood that the child could be returned to the parent's home in the foreseeable future, compliance with the case-service plan, *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012), evidence that the child is not safe with the parent and is thriving in foster care, *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011), "a parent's history of domestic violence, . . . and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

In support of her argument that termination of her parental rights was not in the minor child's best interests, respondent noted that she had obtained a housing voucher and employment, had left the minor child's father, and had developed adequate parenting skills. While these are significant improvements, they are not persuasive, in light of other factors, to indicate that termination is not in the minor child's best interests. For example, despite having a Section 8 voucher, respondent did not have proof that she had secured suitable housing for herself and the minor child. Further, she had only recently obtained employment, meaning that she had not yet established that her employment was stable. Additionally, the record shows that respondent persistently failed to engage in or benefit from provided services, including her consistent failure to attend drug screenings and individual mental health therapy.

There was ample evidence that supports the trial court's determination that it was in the minor child's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter