# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RANDALL/HURKES, Minors.

UNPUBLISHED
July 31, 2018

No. 342097
Macomb Circuit Court
Family Division
LC Nos. 2013-000343-NA;
2014-000054-NA;
2017-000198-NA

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Respondent-mother appeals the trial court's order terminating her parental rights to the minor children, KCR, CMR, and LSH under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j).[1] We conclude that the trial court did not err when it found that there were statutory grounds to terminate respondent's parental rights, but erred when it failed to make the required findings on the children's best interests. For this reason, we vacate the trial court's order and remand for a determination of the children's best interests.

## I. FACTS

The proceedings in this case spanned more than four years. On September 23, 2013, petitioner, the Department of Health and Human Services (DHHS), filed a petition to remove the minor children from respondent's care and custody. The petition originally alleged that respondent, who was in jail, did not have an appropriate safety plan in place for the minor children and that she did not leave them with an appropriate relative. The petition was later amended to add issues about respondent's housing instability. The trial court ordered respondent to comply with a parent-agency treatment plan that included parenting classes and individual counseling. The parent-agency treatment plan also required respondent to gain appropriate housing for her and the children, and to obtain suitable employment. Respondent did not attend some of her parenting visits, even after release from jail, and she failed to obtain employment and proper housing for the children.

During the termination hearing, the foster-care caseworker, Nicole Bakeman, testified that respondent was noncompliant with services. She testified that respondent completed multiple parenting classes, but did not benefit from them, that respondent was terminated from

---

[1] KCR's and CMR's fathers' parental rights were also terminated. They are not parties to this appeal.

-1-

multiple services for noncompliance, her employment was erratic, and that she did not address her housing issue throughout the duration of the case. Bakeman testified that respondent's psychological evaluation correlated with higher risk for abuse and neglect, that respondent lacked awareness of child safety issues, and that there was a lack of bond between respondent and the children.

The trial court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). The court only briefly referenced the ultimate question of the children's best interests stating, "So, the statutory grounds have been met. What remains as do [sic] the best interests of the children mitigate against termination. I don't think any fair reading of this would say that they do."

## II. ANALYSIS

## A. STATUTORY GROUNDS

On appeal, respondent first argues that the trial court erred by terminating her parental rights where she was compliant with the parent-agency treatment plan. We disagree.[2]

The petitioner bears the burden of proving a statutory ground for termination under MCL 712A.19b(3) by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 350; 612 NW2d 407 (2000). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). These provisions permit termination under the following circumstances:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions,

---

[2] This Court reviews a circuit court's decision to terminate parental rights under the clear error standard. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Under that standard, the lower court's decision must be "more than just maybe or probably wrong." *In re Trejo Minors*, 462 Mich 341, 356; 612 NW2d 407 (2000) (quotation marks and citations omitted).

the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The evidence supports termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (*ii*). Respondent does not dispute that 182 days have elapsed since the issuance of the initial disposition order. However, she asserts that she has rectified the conditions of concern.

The conditions that led to adjudication included improper care and supervision of the children, and lack of suitable housing for the children. Respondent's parent-agency treatment plan required her to attend parenting classes and counselling, obtain proper housing, and to obtain suitable employment. Despite the fact that respondent was incarcerated for driving on a suspended license, there were multiple instances, during this case, when respondent was observed driving while the license was still suspended. Sometimes she had the children in the vehicle with her, and did not appear to appreciate the fact that if she was caught driving on a suspended license, she would again be arrested and the children would again be without proper supervision.

Respondent also did not address her housing issues. There was testimony that respondent had "chronic housing conditions," which included a lot of house-hopping, and staying on people's couches and at hotels. At one point, respondent and the children were attempting to live in a house that did not have working utilities. Testimony also revealed that respondent resided in at least 12 different residences since the inception of the case. Some of those residences were appropriate for her and the children, but she was never able to maintain those residences for any considerable period of time. Respondent was also kicked out and evicted from multiple houses. Although there was testimony that by the time of the termination hearing, respondent had appropriate housing, that situation was highly unstable because respondent's rent was $600 a month while her income was $350 a month.

The evidence also supports termination of respondent's parental rights under MCL 712A.19b(3)(g) because she failed to provide proper care and custody for the minor children, and

failed to show improvement despite assistance. A parent's failure to participate in and benefit from a parent-agency treatment plan is evidence that the parent will not be able to provide proper care and custody to the children and that the children will be harmed if returned to the parent's home. *In re White*, 303 Mich App 701, 710-711; 846 NW2d 61 (2014).

The record shows that respondent did not benefit from the multiple parenting skills classes and did not significantly improve her parenting skills. She was inattentive to the children during parenting visits, and failed to address the children's behavioral and emotional difficulties during the visits.

Termination was also proper under MCL 712A.19b(3)(j). When the children were briefly returned to respondent's care, CMR was allegedly sexually assaulted by someone in respondent's life who had access to the child. Although respondent took CMR to the hospital, she did not file a police report and refused to cooperate with petitioner's investigation into the allegation.

We find no merit in respondent's argument that the trial court erred by failing to order additional assistance with completing her parent-agency treatment plan. Although petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). "Not only must respondent cooperate and participate in the services, she must benefit from them." *In re TK*, 306 Mich App 698, 711; 859 NW2d 208 (2014).

The record shows that respondent was provided with a plethora of services, including, multiple parenting skills classes, individual counseling, in-home therapy, a Family Reunification Program, and infant mental health services. Respondent refused to participate in many of the services, and she was discharged from most for noncompliance. This case has continued for over four years, and respondent has been provided with appropriate services during that time. The trial court did not err by failing to order that more services should be provided to respondent.

## B. BEST INTERESTS OF THE CHILDREN

Respondent next argues that the trial court substantively erred in finding that termination of her parental rights was in the children's best interests.[3]

In determining a child's best interests, the trial court may consider the child's bond to his parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the suitability of alternative homes. *In re Olive/Metts* 297 Mich App 35, 41-42; 823 NW2d 144 (2012). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the

---

[3] A circuit court's decision regarding a child's best interests is also reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356-357. " 'A finding is "clearly erroneous" [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.' " *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009), quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. The trial court may also consider the testimony and opinion of experts. See *In re Conley*, 216 Mich App 41, 45; 549 NW2d 353 (1996). "[T]he trial court has a duty to decide the best interests of each child individually." *In re Olive/Metts*, 297 Mich App at 42.

Because the trial court's comments regarding best interests were cursory, we are unable to review the best interest determinations on this record. "[T]he court must state its findings and conclusions regarding any best interest evidence on the record or in writing." *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). Here, the trial court only stated, "What remains [is] do the best interests of the children mitigate against termination. I don't think any fair reading of this would say that they do." While the trial court fairly summarized the evidence when addressing the statutory basis, it did not—at least not in a direct enough fashion to permit review—set forth findings on the considerations relevant to the best interest determinations such as those discussed in *White*. Accordingly, we remand to the trial court to make findings as to whether a bond existed between respondent and the children, the children's need for permanency, stability and finality, the suitability of alternative placement and any other factor considered by the court in reaching its best interest conclusion. The trial court need not reiterate its thorough discussion of the evidence, but should set out a sufficient record as to its findings on the relevant factors with respect to each child individually.

Because the trial court did not make the necessary findings on best interests, we vacate the trial court's order terminating respondent's parental rights and remand to the trial court. The purpose of the remand is solely for the trial court to make findings concerning the children's best interests and to enter a final order based on those findings. The court need not revisit the question of statutory basis, nor take additional evidence. We retain jurisdiction for the purpose of reviewing those best interest determinations following remand. Unless otherwise ordered by this Court, post-remand supplemental briefs may not be filed.

Vacated and remanded for proceedings consistent with this opinion.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

# Court of Appeals, State of Michigan

# ORDER

In re Randal/Hurkes Minors

Docket No.    342097

LC No.    2013-000343 NA/2014-0000054 NA/2017-000198 NA

Cynthia Diane Stephens
Presiding Judge

Douglas B. Shapiro

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, the Court orders that the January 11, 2010 order terminating parental rights is VACATED, and this matter is REMANDED to the Family Division of the Macomb Circuit Court solely for the family court to make findings concerning the children's best interests and to enter a final order based on those findings. This Court retains jurisdiction in the case.

Upon the expiration of the 28-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(C), the family court shall make its findings and enter its final order based on those findings; the remand proceedings shall be given priority until completed. The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court a copy of the final order entered on remand. The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Either party may file a supplemental brief pertaining to the issues raised on remand within 14 days after entry of the family court's order deciding the matter or 14 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss this appeal.

/s/ Cynthia Diane Stephens

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 31, 2018
Date

Chief Clerk