*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re HILL, Minors.

UNPUBLISHED
April 11, 2019

No. 344738
Livingston Circuit Court
Family Division
LC No. 2016-015408-NA

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Appellant-mother appeals the trial court's order terminating her parental rights to her three children[1] under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Mother only challenges the trial court's best-interest determination. Finding no error, we affirm.

This case began in December 2016 following a domestic violence incident committed against mother by the children's father while the children were present. A Child Protective Services investigation revealed that the children's bedrooms were in deplorable condition, that the children had been physically and emotionally neglected, and that the children had developmental delays. Father was arrested and incarcerated for domestic violence, and the children were removed from the home and placed in licensed foster care. The trial court ordered mother to participate and benefit from a case service plan that included, among other things, referrals for a domestic violence support group and domestic violence classes, and a requirement that she remedy the condition of the house.

Mother participated in the domestic violence support group and classes, as well as individual counseling, and she attended all of her parenting visits with the children. She testified that she learned how damaging her relationship with father was to her and the children. She opined that father did not have the ability or emotional capacity to parent the children with her.

---

[1] The trial court also terminated the parental rights of the children's father. However, he is not a party to this appeal.

She testified that she felt controlled and powerless in her relationship with father. She maintained throughout the proceedings that she had not had contact with father since his arrest in December of 2016, and that she had no intention of continuing a relationship with him. However, multiple incidences caused the foster-care caseworker and the trial court to suspect that mother was still in contact with father, that she was maintaining a relationship with him, and that father was still living in the household after his release from jail. During the termination hearing, mother admitted that she had maintained contact with father during and after his incarceration, and she admitted that she lied about her contact with father to her caseworker, service providers, and the trial court. She also admitted that she had concealed her marijuana use from those involved in the case.

On appeal, mother argues that the trial court clearly erred in finding that termination of her parental rights was in the best interests of the children because she shared a bond with the children, and she remedied the condition of the house. We disagree.

The trial court must find by a preponderance of the evidence that termination is in the children's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's determination for clear error. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009) (citation omitted).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In determining the children's best interests, the trial court may consider the children's bond to the parent; the parent's parenting ability; the children's need for permanency, stability, and finality; and the suitability of alternative homes. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may consider the parent's history of substance abuse and continuing involvement in a violent relationship. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). The trial court may also consider the testimony and opinion of experts. See *In re Conley*, 216 Mich App 41, 44-45; 549 NW2d 353 (1996). When considering the children's best interests, focus should be placed on the children, not the parent. *In re Moss*, 301 Mich App at 87-88.

The evidence demonstrated that mother shared a bond with the children and that she had a positive visitation history with the children. Mother attended all of her parenting times, and she received positive remarks regarding those visits. Mother also complied with the requirement of her case service plan that she remedy the deplorable condition of the home. However, many other factors weighed in favor of termination.

Mother's history as a victim of domestic violence was of paramount concern in this case. She testified that father's domestic violence in the home contributed to the home being in its deplorable condition. Despite father's violent behavior, and mother recognizing the negative

effects it had on her and the children, mother continued to maintain the relationship. In fact, not only did she continue the relationship, she consistently lied about it to her caseworker, service providers, and the trial court for the majority of the case. She only admitted to her lies after being questioned at the termination hearings. Mother also testified that she felt overwhelmed by having three young children near the same age. She further testified that she concealed her marijuana use from her caseworker, service providers, and the trial court. Mother admitted that she lied to all of those involved in her case because she feared the repercussions, demonstrating that she understood the negative effects that her decisions could have on her children and that she was unwilling or unable to overcome those barriers. Mother's caseworker opined that termination of her parental rights was in the best interests of the children.

Notably, all of the children, upon placement in foster care, immediately made progress with their behavioral and developmental needs. Mother admitted that the foster families were providing for the children's basic and special needs. Although on the surface it appeared that mother was participating and benefitting from her case service plan, such benefits were mostly illusions brought on by mother's frequent lies to her caseworker, service providers, and the trial court. The referee in this case opined that mother's frequent lies regarding her continued relationship with father and her substance abuse demonstrated a lack of parenting skills. Although mother did share a bond with the children, and she received positive remarks regarding her parenting visits, the remaining considerations outweighed those factors. The referee recognized this, stating:

> While [mother] does share a bond with the children, the remaining factors including serious and chronic neglect while in her care, domestic violence, substance abuse, lack of parenting skills, advantages of the foster home, and the children's need for permanency and stability, outweigh this factor and support termination of [mother's] parental rights.

We agree, and we are not "left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App at 459. Thus, we hold that the trial court did not clearly err in finding that termination of mother's parental rights was in the best interests of the children.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron