*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KOHN, Minors.

UNPUBLISHED
July 18, 2019

No. 347133
Oakland Circuit Court
Family Division
LC No. 2018-862161-NA

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to his four children pursuant to MCL 712A.19b(3)(b)(i) (physical or sexual abuse by parent), (g) (failure to provide proper care and custody), and (j) (likelihood of harm if returned to parent's care). Finding no error, we affirm.

## I. BACKGROUND

In April 2018, the Department of Health and Human Services (DHHS) requested permanent custody of respondent's four minor daughters, EK, KK, SK, and YK based on allegations that respondent sexually abused the oldest two daughters, EK and KK.[1] Both EK and KK disclosed that they had been sexually abused by respondent during separate Care House interviews. The court allowed the children to remain in their mother's care, but ordered respondent out of the home and that he have no contact with the children. In May 2018, respondent pleaded no contest to jurisdictional allegations and the statutory bases alleged as grounds for terminating his parental rights. The court ordered a psychological evaluation of respondent and the case proceeded to a best-interest hearing.

---

[1] The Department originally requested the mother's rights also be terminated. However, the petition was later amended to temporary custody, mother completed a treatment plan, and the petition against her was dismissed.

-1-

Torre Brown, a clinician at the Oakland County Psychological Clinic, testified as an expert witness in clinical psychology in the field of child abuse and neglect. Brown conducted the psychological evaluation of respondent. According to Brown, respondent admitted that he had anger issues and was taking medication for bipolar disorder. However, respondent claimed that therapy was unnecessary. Respondent disclosed to Brown that he had been hospitalized for delusions three times in the past two years. He was arrested in 2015 for leaving the children unattended in a vehicle and resisting arrest. Respondent declined to discuss the details of the sexual abuse allegations with Brown, stated that he did nothing wrong, and that he did not know why either EK or KK would make the allegations. Brown opined that respondent lacked insight into his issues. He believed that respondent was unlikely to benefit from counseling given respondent's aversion to therapy. Similarly, he believed respondent was unlikely to benefit from a parenting program given respondent's denial of the reasons the children entered into care. Brown's overall opinion was that it was not in the children's best interests to be reunited with respondent in the foreseeable future because respondent lacked insight, had poor decision-making, and poor mental health.

Child Protective Services worker, Jasmine Lockhart, testified that the children were doing well in their mother's sole care. She stated that the youngest two children, SK and YK, missed respondent, but the older two children, EK and KK, did not appear to have much of a bond with respondent and did not talk about him. All four children were in therapy.

Respondent did not testify, but submitted a letter from sexual abuse psychotherapist Matthew Rosenberg that stated Rosenberg was providing respondent with bi-weekly individual therapy sessions since April 2018. Further noted was Rosenberg's opinion that respondent appeared "honest and transparent" during sessions, was making good progress and appeared to be benefitting.

## II. STANDARD OF REVIEW

The trial court must find by a preponderance of the evidence that termination was in the children's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's determination for clear error. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

## III. ANALYSIS

Respondent argues on appeal that the trial court clearly erred in finding that termination of his parental rights was in the children's best interests. We disagree.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In determining a child's best interests, the trial court may consider the child's bond to his parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the suitability of alternative homes. See *In re*

*Olive/Metts* 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court may also consider the testimony and opinion of experts, see *In re Conley*, 216 Mich App 41, 45; 549 NW2d 353 (1996), and a parent's unwillingness to participate in counseling. See *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).

Despite the disclosures of abuse from respondent's two eldest daughters, respondent denied the allegations and failed to take responsibility for the children being removed from his care. Respondent submitted documentation that he began therapy in April 2018, and that as of October 2018, he was engaged in and benefitting from therapy. However, in September 2018 at his psychological evaluation, respondent told Brown that he did not believe that therapy would be helpful to him, he did not do anything wrong to his daughters, and did not understand the basis for their allegations against him. Brown, who was admitted as an expert witness, opined that it was in the children's best interests to terminate respondent's parental rights.

There was testimony at the best interests hearing that the children were doing well in their mother's sole care, where their mental, physical, and emotional needs were being met. While SK and YK were reported to miss respondent, EK and KK, who had been abused by respondent, did not speak about him and they did not appear to have a bond with him. We agree with the trial court that any bond that did exist between respondent, SK, and YK was outweighed by the children's need for safety.

Respondent argues that it was unnecessary to terminate his rights when the children remained in the care of their mother since she was a relative. He contends that the children's placement with a relative militates against termination and that termination of his rights did not accomplish the court's safety goal when there was evidence that mother spoke with respondent daily and they were still married at the time of termination. First, we note that a "[b]iological mother" is not included in the definition of "relative" under MCL 712A.13a(1)(j), and therefore the children's placement with their mother was not a relative placement that the court was required to consider in its best interests determination. *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016). Further, there was no evidence that mother exposed the children to respondent, or was incapable of following the court's orders. Additionally, "the Legislature envisioned and intended that the probate court could terminate the parental rights of just one parent." *In re SR*, 229 Mich App 310, 317; 581 NW2d 291 (1998) (quotation marks and citation omitted). In this instance, termination of respondent's parental rights was sufficient to protect the children from respondent's further abuse. Termination of parental rights, "[u]nlike other custody proceedings, [] leaves the parent with no right to visit or communicate with the child, to participate in, or even to know about, any important decision affecting the child's religious, educational, emotional, or physical development." *Matter of Sanchez*, 422 Mich 758, 766; 375 NW2d 353 (1985) (citation omitted).

We conclude that the trial court considered the appropriate factors, and we are not "left with a definite and firm conviction that a mistake has been made," *In re HRC*, 286 Mich App at 459, in the trial court's best-interest determination.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens