*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re D. D. BENION, Minor.

UNPUBLISHED
August 13, 2019

No. 347339
Oakland Circuit Court
Family Division
LC No. 2018-865062-NA

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her child, DDB. Respondent pleaded no contest to jurisdiction and statutory grounds. She only contests the trial court's best-interest determination. Finding no error, we affirm.

Respondent was incarcerated when she gave birth to DDB. The child was born with positive results for cocaine and marijuana in her system. The child was placed in the care of the Department of Health and Human Services (DHHS), which placed the child in the care of her maternal aunt. The DHHS requested termination in its initial petition, so it did not provide respondent with services.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The trial court must find by a preponderance of the evidence that termination of parental rights is in the best interests of the child. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's findings of fact are reviewed for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*.

In determining a child's best interests, the trial court may consider the child's bond to his parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the suitability of alternative homes. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823

-1-

NW2d 144 (2012). "The trial court may also consider . . . the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, . . . the possibility of adoption," *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014), and the testimony and opinion of experts, see *In re Conley*, 216 Mich App 41, 44; 549 NW2d 353 (1996). A parent's unwillingness to participate in counseling, see *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001), and lack of income may also be considered by a trial court, see *In re Olive/Metts Minors*, 297 Mich App at 43. "[A] child's placement with relatives weighs against termination . . . ." *Id.* (quotation marks and citation omitted). "[T]he fact that the [child was] in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the [child's] best interests." *Id.* (quotation marks and citation omitted).

At the best-interest hearing, respondent stipulated to the admission of a psychologist's report opining that it was in the child's best interests to terminate respondent's parental rights. Respondent was still using cocaine after her release from jail. She failed to appear for random drugs screens and tested positive for cocaine on a drug screen administered by the foster-care caseworker. Respondent voluntarily participated in a substance abuse program, but after testing positive on a drug screen, was asked to not return until participating in an in-patient program. And although she had contacted an in-patient program, her history demonstrated that she did not typically participate in or benefit from services.[1] Respondent only attended 15 of 24 parenting visits. Respondent was living rent-free with a friend in a home that appeared appropriate, but she had disappeared from the home after an argument with the friend, indicating that the home was not stable. Respondent's only income was temporary employment during voting season and social security income. She has been diagnosed with anxiety, bipolar disorder, post-traumatic stress disorder, depression, and insomnia. She was prescribed medication for these issues, but she was not seeing a therapist or a psychiatrist. The foster-care caseworker testified that the child was being well cared for by the aunt. The aunt was employed, and there was no indication that she was abusing substances. The caseworker opined that it was in the child's best interests to terminate respondent's parental rights, despite relative placement, because the child needed permanency that the aunt could provide. And while the aunt was willing to adopt the child, she was unwilling to foster the child for a year to see if respondent could overcome her issues.

The trial court specifically considered respondent's parenting ability, respondent's bond with the child, respondent's parenting time history, the possibility of adoption, the advantages of the foster home over respondent's home, the child's need for permanency and stability, and the child's placement with a relative. Additionally, the psychologist and the foster-care worker both opined that it was in the child's best interests to terminate respondent's parental rights. We

---

[1] Respondent's parental rights have been terminated to three older children and another child is in a guardianship.

conclude that the trial court considered the appropriate factors, and we are not "left with a definite and firm conviction that a mistake has been made," *In re HRC*, 286 Mich App at 459.

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra